**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **JANICE WILLIAMS** | * | **CIVIL ACTION NO.:** |
| | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE:** |
| **ALLSTATE INSURANCE COMPANY** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

Defendant, Allstate Insurance Company ("Allstate"), appearing through undersigned counsel files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I. PROCEDURAL HISTORY**

1.

Plaintiff filed this lawsuit in the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, against Allstate on September 1, 2022. The case was captioned "*Janice Williams vs. Allstate Insurance Company*", Docket 91006 Division D. (*See* Petition for Damages, Citation and Proof of Service upon Allstate through the La. Secretary of State on September 14, 2022, forwarding of the Petition by the Secretary of State to Allstate on September 14, 2022, and receipt of the Petition by CT Corporation on September 15, 2022, attached hereto *in globo* and marked for identification as Exhibit A.)

1

2.

Plaintiff's lawsuit arises out of damage to her home located at 505 Mockingbird Lane, St. Rose, Louisiana which was damaged by Hurricane Ida. (Exhibit A at Petition at ¶s 5-7). Plaintiff had homeowners insurance through Allstate at the time of the storm. (*Id*. at 5). Plaintiff alleges that she notified Allstate of the loss and provided satisfactory proof of loss to Allstate. (*Id*. at 8, 22-23). Plaintiff alleges that Allstate made insufficient payments, acted arbitrarily, capriciously, and without probable cause in handling her claim. (*Id*. at ¶23). Plaintiff further alleges Allstate breached its contractual obligation, acted in bad faith and violated LSA-R.S. §22:1892 and §22:1973. (*Id.* at ¶18-24)

3.

Allstate removes this action from the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

**II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 AND COMPLETE DIVERSITY EXISTS.**

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States.

231/162.0050

A.  **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). The facts set forth in this removal notice establish that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs.

6.

The plaintiff, through her counsel of record, submitted a repair estimate and work order from ASAP Remodeling Contractors, dated June 1, 2022, totaling $92,755.00 for repairs to the home. (*See* 10/8/20 ASAP Remodeling Contractors estimate, attached hereto as Exhibit B). Plaintiff also submitted a water mitigation invoice from All Dry USA in the amount of $38,361.68. (*See* 6/7/22 All Dry USA estimate, attached hereto as Exhibit C). Further, plaintiff submitted an estimate for roof replacement, shed replacement, exterior repairs, and debris removal RRCA Roofing & Reconstruction Contractors of America in the amount of $17,061.41. (*See* 10/13/21 RRCA estimate, attached hereto as Exhibit D). The combined total of these estimates is $148,178.09. Plaintiff further claims she is entitled to building and other structure damages,

mitigation costs, diminution in value, personal property damages, additional living expenses, and other applicable coverages afforded under the Allstate policy.   (*See* Exhibit A, at Petition, ¶6-7)

7.

In addition to the above damages, Plaintiff asserts in her petition that Allstate is liable for the payment of statutory bad faith penalties and attorney's fees pursuant to LSA-R.S. §22:1892 and 1973. (*See* Exhibit A, at Petition, ¶23).

8.

Based upon the above cited allegations, if Plaintiff was able to prove that Allstate failed to timely make payments to her as required by the Louisiana insurance bad faith statutes "[w]hen such failure is found to be arbitrary, capricious or without probable cause, shall subject the insurer to a penalty, in addition to the amount of loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars whichever is greater payable to the insured…. or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs" La. R.S. 22:1892 B. (1).

9.

Plaintiff alleges that she is entitled to recover entitled to recover the Allstate policy limits. (*See* Exhibit A at Petition at ¶ 20) Plaintiff contends that she is owed the full amounts of coverage under the policy which have not been paid by Allstate. The Allstate policy provides $112,000 dwelling coverage, $11,200 other structures coverage, $56,000 personal property coverage, and up to 12 months ALE coverage. (*See* Certified Allstate policy, at declarations page, attached hereto as Exhibit E) Assuming Plaintiff is owed $112,000, the amount of the dwelling coverage, plus

$56,000, which is a fifty-percent penalty, then it is clear the award exceeds the $75,000 jurisdictional threshold. A bad faith award includes attorney's fees which are permitted by law and are included in determining the amount in controversy for satisfaction of federal jurisdiction. Alternatively, if the Plaintiff is able to prove she is entitled to the combined total of the three (3) estimates she submitted, $148,178.09, plus $74,089.05, which is a fifty-percent penalty, then it is clear the award exceeds the $75,000 jurisdictional threshold. (*See* Exhibits B-D).

10.

Plaintiff's Petition does not offer a binding stipulation or renunciation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00. *See Davis v. State Farm Fire & Cas. Co.*, No. 06-560, 2006 U.S. Dist. LEXIS 37225 at *7 (E.D. La. June 7, 2006) (Vance, J.) (Citing to La. Code Civ. Proc. art. 862); *Treadway v. State Farm Mut. Auto Ins. Co*., No. 11-2965, 2012 U.S. Dist. LEXIS 8536, 2012 WL 219369 (E.D. La. Jan. 25, 2012) (Feldman, J.) See also *Reeves v. TPI Restaurants, Inc.,* 05-1778, 2007 U.S. Dist. LEXIS 35999 at *5, 2007 WL 1308380 (W.D. La. April 13, 2007) in which Magistrate Judge Kirk found that "[p]laintiffs' attempted stipulation that their damages do not exceed $75,000 would have to have been filed with the petition in order to have been effective." (citing to *DeAguliar v. Boeing Co*. 47 F. 3d 1404 (5th Cir. 1995); *recommendation adopted* (W.D. La. May 3, 2007) (Drell, J.).

11.

Plaintiff's Petition also does not contain an allegation required by La. Code of Civil Procedure Article 893 A. (1) that "[i]f a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages… a general allegation that the claim exceeds or is less than the requisite amount is required." Federal Courts within Louisiana

5

have held that a plaintiff's failure to follow La. C.C.P. art. 893 (A) (1)'s mandate is entitled to some consideration although in and of itself is not determinative of the amount in controversy. *Johnson v. Beale*, 18-961 2018 WL 6037526 at *2 (M.D. La. November 16, 2018) (citations omitted); *Joseph v. State Farm Mutual Automobile Co.*, 11-122, 2011 WL 2899127 at *2 (E.D. La. July 18, 2011) (Fallon, J.) (citations omitted); *Courville v. State Farm Mutual Automobile Ins. Co.*, 15-cv-01221, 2015 WL 4730124 at *1-2 (W.D. La. August 10, 2015) (Hanna, M.J.) (citations omitted)

12.

While Allstate admits no liability nor any element of damages, Allstate has met its burden of showing that the amount in controversy exceeds $75,000, exclusive of interest and costs. Indeed, plaintiff alleges that Allstate failed to timely pay and settle her claim. Plaintiff claims that Allstate has refused to pay sufficient amounts due on the claim despite submitting satisfactory proof of loss. And still, plaintiff makes a claim for all amounts owned under that policy that remain, and that he is entitled to mental anguish and other consequential damages. Additionally, plaintiff is making a claim for attorney's fees in addition to bad faith penalties, and the plaintiff has not alleged in the Petition that her damages are below $75,000. Therefore, Allstate has met its burden of proving the amount in controversy exceeds $75,000, exclusive of interests and costs.

**B. COMPLETE DIVERSITY EXISTS**

13.

Plaintiff, Janice Williams, resides in St. Charles Parish, is domiciled in St. Charles Parish, and is a citizen of the State of Louisiana. (*See* Exhibit A, at Petition, ¶1).

6

14.

Allstate Insurance Company is a foreign corporation organized under the laws of and incorporated in the State of Illinois, has its principal place of business in the State of Illinois, and is therefore, a citizen of the State of Illinois. 28 U.S.C. § 1332(c)(1).

15.

Accordingly, there is complete diversity of citizenship between plaintiff and defendant.

16.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

### III.   ALLSTATE HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

17.

Allstate was served with the Petition for Damages through its agent for service of process, the Louisiana Secretary of State, on September 14, 2022. (*See* Exhibit A).  The Secretary of State forwarded the Petition to CT Corporation on September 14, 2022, which was received by CT Corporation on September 15, 2022.  (*See* Exhibit A)

"[C]ourts in the Fifth Circuit have held that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.* 09-200, 2009 WL 1875755 (M.D. La. June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to

*Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, 2008 WL 783592 (E.D.La. March 25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as the secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process); (other citations in footnote omitted).

18.

This Notice of Removal is filed within thirty (30) days after service of the Petition Allstate.

19.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between a citizen of a state and a citizens or subjects of a foreign state.

20.

The 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

21.

No previous application has been made by Allstate for the relief requested herein.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by Allstate to date are attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff, Kellie Fox and KD Law, L.L.C. and the Clerk of Court for the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana. No other process, pleadings, or orders have been served upon Allstate.

**IV.    CONCLUSION**

22.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, Allstate, has complied with, this cause of action is removable to the United States District Court for the Eastern District of Louisiana.

23.

Allstate reserves the right to supplement or amend this Notice of Removal.

24.

Allstate reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to Allstate.

25.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**SIGNATURE BLOCK ON FOLLOWING PAGE.**

231/162.0050

Respectfully submitted,

*/s/ Michele Trowbridge Barreca*
**MICHELE TROWBRIDGE BARRECA (30974)**
**MATTHEW E. SIMMONS (#36674)**
Porteous, Hainkel & Johnson, L.L.P.
704 Carondelet Street
New Orleans, LA 70130
Telephone:  (504) 581-3838
mtrowbridge@phjlaw.com
msimmons@phjlaw.com
*Attorneys for Allstate Insurance Company*

## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that on this 14th day of October, 2022 a copy of the foregoing Notice of Removal has been sent to the following:

**Counsel for Plaintiff Janice Williams–** *via E-mail*
**Kellie Fox**
**KD Law, LLC**
**110 James Drive West, Suite 200**
**St. Rose, LA 70087**
**Phone: (504) 308-1300**
**Email: fox@kdlaw.online**


**Clerk of Court -** *via facsimile (318) 473-4667 & U.S. Mail*
**29th Judicial District Court**
**P.O. Box 424**
**Hahnville, LA  70057-0424**

*/s/ Michele Trowbridge Barreca*
 MICHELE TROWBRIDGE BARRECA

231/162.0050